IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EVELYN COLEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV644 |
| | ) | |
| OFFICE OF ORANGE COUNTY, | ) | |
| DISTRICT ATTORNEY, dba THE | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the complaint[1] filed by Plaintiff Evelyn Coleman. In conjunction with the complaint, Plaintiff also submitted an Application for Leave to Proceed In Forma Pauperis. "The federal in forma pauperis statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" *Nasim v. Warden, Md. House of Correction*, 64 F.3d 951, 953 (4th Cir. 1995) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)).

---

[1] Plaintiff fails to cite any particular statute pursuant to which she is proceeding. Because Plaintiff alleges that constitutional violations led to her conviction, the Court construes her claims as arising under 42 U.S.C. § 1983.

"Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." *Nagy v. Federal Med. Ctr. Butner*, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that – . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

As to the first of these grounds for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." *Nagy*, 376 F.3d at 256-57 (some internal quotation marks omitted).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest,

a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." *Nasim*, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009) (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Id.*[2] Also, the Court may anticipate affirmative defenses which are clear on the face of the complaint. *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Nasim*, 64 F.3d at 954 (court may apply common sense and reject fantastic allegations and/or rebut them with judicially noticed facts).

The third ground for dismissal under 28 U.S.C. § 1915(e)(2)(B) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. *See, e.g., Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); *Pierson v. Ray*, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). *Cf. Allen v. Burke*, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are

---

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied*, ___ U.S. ___, 130 S. Ct. 2064 (2010), *and cert. denied*, ___ U.S. ___, 130 S. Ct. 3275 (2010).

theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

As an initial matter, the Court notes that Plaintiff is attempting to undermine her conviction for an unspecified felony. Plaintiff alleges that she entered an Alford plea to the offense but that at the time she was arrested Defendants possessed evidence proving her innocence. Plaintiff further alleges that she lacked the *mens rea* to commit the crime and that she was subjected to double jeopardy. Plaintiff would not be permitted to attempt to undermine her conviction without first showing that such conviction had been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff fails to do so and, therefore, dismissal is proper for this reason alone.

Plaintiff designates the Defendant as the "Office of Orange County District Attorney dba The State of North Carolina." However, neither the State nor it agencies are "persons" subject to suit under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58

(1989). Plaintiff's suit should be dismissed accordingly. Further, absent waiver by the state, *Moreno v. University of Maryland*, 645 F.2d 217 (4th Cir. 1981), *aff'd*, *Toll v. Moreno*, 458 U.S. 1 (1982), the Eleventh Amendment bars suits directly against the state or its agencies, regardless of the nature of relief sought. *Halderman*, 465 U.S. 89. Plaintiff does not attempt to show waiver on the part of the State or the Office of the Orange County District Attorney and dismissal on this basis is proper.

Plaintiff may intend to name as a Defendant a state prosecutor. Prosecutors have absolute immunity for their participation in the judicial process. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *see Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996) (prosecutor's decision of whether and when to prosecute is protected by absolute immunity). Plaintiff's complaint, if construed to be against a state prosecutor, should therefore be dismissed.

Finally, Plaintiff seeks relief including that this Court "rescind" the judgment in her criminal case. To the extent that Plaintiff seeks a review of the state court decision by this Court, such a review would violate the *Rooker-Feldman* doctrine. *See Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) (only U.S. Supreme Court may review final judgments of a state court in a judicial proceeding); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Plaintiff's request to proceed *in forma pauperis* has previously been denied. (Text Order of 8/20/2010.) Nonetheless, *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for being frivolous or malicious, for failing to state a claim upon which relief may be granted, or for seeking monetary relief against a defendant who is immune from such relief.

                                              /s/ P. Trevor Sharp
                                             United States Magistrate Judge

Date:  November 25, 2011